UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DONALD S. HUNTER, SR.,** )<br>)<br>　　　　**Plaintiff,** )<br>) Civil Action No. 07CV1268 (PLF)<br>　　v. )<br>)<br>**CONDOLEEZZA RICE,** )<br>Secretary of State, )<br>)<br>　　　　**Defendant.** )<br>_____ ) | |

**ANSWER TO COMPLAINT**

　　Defendant Condoleezza Rice, Secretary of State ("Defendant"), through counsel, hereby answers each of the specific averments in Plaintiff's Complaint. Plaintiff fails to number the paragraphs in his Complaint. For purposes of clarity, Defendant answers the unnumbered paragraphs of Plaintiff's Complaint in the order presented.

　　The first paragraph of Plaintiff's Complaint contains his characterization of this action, which does not require a response. To the extent that a response is required, Defendant admits that Plaintiff is attempting to bring this action under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e et seq., but denies that it has discriminated or retaliated against Plaintiff.

**First Bullet Paragraph**

　　First sentence: Defendant denies the allegation contained in this sentence, except to admit that Joyce Love retired in January 2004, and that she had been a GS-13 Grants Specialist in the Grants Division of the Executive Office of the Bureau of Educational and Cultural Affairs.

　　Second sentence: Defendant denies the allegations in this sentence, except to admit that

Ms. Love's responsibilities were assumed by others in the office following her retirement.

Third sentence: Defendant denies the allegations in this sentence, and avers that some of Ms. Love's work was reassigned to Plaintiff.

Fourth sentence: Defendant denies the allegation in this sentence because it is not clear what Plaintiff means by "Ms. Love's GS-13 level work."

**Second Bullet Paragraph**

First sentence: Defendant denies the allegation, except to admit that Plaintiff was working on a draft determination letter regarding an Office of Inspector General ("OIG") Audit concerning the Mississippi Consortium for International Development ("MCID") in 2004. Defendant is without knowledge or information to confirm or deny that Plaintiff requested from Ms. Allen the status of the draft letter on January 14, 2004.

Second sentence: Defendant denies the allegations, except to admit that a draft determination letter was reviewed by GS-13 Grant Specialist Joyce Love on July 11, 2003, and was later reviewed by GS-13 Grant Specialists Connie Stinson and Maggie Ahern. Defendant is without knowledge or information to confirm or deny that Pliantiff gave a draft determination letter to Ms. Allen on December 15, 2003.

Third sentence: Defendant denies the allegation and avers that the final letter concerning the MCID audit was issued on November 2, 2004.

Fourth sentence: Defendant denies the allegation, except to admit that Ms. Allen stated that GS-13 Grant Specialist Joyce Love was assigned to the audit and that Plaintiff was assigned to work on the audit under Ms. Love's guidance.

**Third Bullet Paragraph**

<u>First sentence</u>:  Defendant denies the allegation, except to admit that Ms. Allen requested that team leaders review some of Plaintiff's grant case files for errors after it was determined that he had sent some documents without clearance.

<u>Second sentence</u>: Defendant denies this allegation.

**Fourth Bullet Paragraph**

<u>First sentence</u>:  Defendant denies the allegation in this sentence.

<u>Second sentence</u>:  Defendant denies the allegation in this sentence.

<u>Third sentence</u>:  Defendant denies the allegation in this sentence, except to admit that Plaintiff was the only GS-12 Grants Officer in ECA-IIP/EX/G who did not receive an Outstanding rating from Ms. Allen during the calendar year 2003 rating period.

**Fifth Bullet Paragraph**

<u>First sentence</u>:  Defendant admits the allegation in this sentence.

<u>Second sentence</u>:  Defendant denies the allegation in this sentence.

<u>Third sentence</u>:  Defendant admits that the selecting official, Katherine Yemelanov, was aware of Plaintiff's prior EEO complaint.  Defendant denies that Ms. Yemelanov was aware, at the time of the non-selection, of Plaintiff's civil actions against Defendant (04-857 AND 06-326) because those actions were filed after February 12, 2004.

**Sixth Bullet Paragraph**

<u>First sentence</u>:  Defendant admits that Plaintiff applied for a GS-14 Financial Manager position in ECA/EX/RM/ECE, advertised under Vacancy Announcement No. 04-0492, which was open from September 7, 2004 to September 21, 2004.

<u>Second sentence</u>: Defendant admits that the vacancy announcement was cancelled and that a white male in a GS-14 position was reassigned to the position. Defendant denies that the vacancy announcement was cancelled specifically to deny applicants a promotion and to laterally reassign a white male to promote him to a GS-15.

**Conclusion**

Defendant denies the allegations within the first paragraph as they are conclusions of law to which no response is required. To the extent these allegations are deemed factual, they are denied.

Defendant denies the allegations within the WHEREFORE paragraph as they are Plaintiff's prayer for relief to which no response is required. To the extent an answer is required, defendant denies that Plaintiff is entitled to relief. Plaintiff's jury demand requires no response.

**First Affirmative Defense**

The Complaint fails to state a claim for which relief can be granted.

**Second Affirmative Defense**

To the extent Plaintiff seeks to raise in this action any allegations or claims not raised, or untimely raised in the administrative process or this Court, such allegations and claims are precluded for failure to exhaust administrative remedies.

**Third Affirmative Defense**

Defendant denies engaging in any discriminatory or retaliatory conduct whatsoever.

WHEREFORE, having fully answered, Defendant respectfully requests that this Court deny Plaintiff all relief requested. To the extent Plaintiff is entitled to any relief, it would be limited by 42 U.S.C. § 2000e-5(g)(2)(B). Defendant further requests that this Court dismiss this

action with prejudice, grant Defendant its attorney's fees and costs, and award Defendant all such other and further relief as may be appropriate.

Respectfully Submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____/s/_____
KAREN L. MELNIK, D.C. Bar # 436452
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W., Rm. E-4112
Washington, D.C.  20530
(202) 307-0338

**CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2007, I caused to be served a copy of the foregoing ANSWER, by first-class mail, postage pre-paid, and addressed as follows:

**Donald S. Hunter, Sr.**
**3311 Valley Forest Drive**
**Upper Marlboro, MD 20772**

_____/s/_____
Karen L. Melnik
Assistant United States Attorney