UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DONALD S. HUNTER, SR.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-1268 (PLF) |
| ) | |
| **CONDOLEEZZA RICE,** ) | |
| Secretary of State, ) | |
| ) | |
| Defendant. ) | |

**JOINT REPORT PURSUANT TO LOCAL RULE 16.3**

Pursuant to LCvR 16.3, counsel for the Defendant and *Pro Se* Plaintiff conferred by email on January 25, 2008. Based on this communication, the parties hereby report to the Court as follows:

Plaintiff's Statement of the Case

Plaintiff's claims are brought pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. §§ 2000e et seq., and as further amended by Section 102 of the Civil Rights Act of 1991, 42 U.S.C. 1981a, to remedy acts of discrimination in employment practices by the Department of State against Plaintiff because of his race (black) and his sex (male), and in retaliation for his having engaged previously in protected civil rights activity.

On January 14, 2008, the Defendant informed the U.S. Equal Employment Opportunity Commission (EEOC) that the Defendant received a request for certification of class complaint on behalf of a group of African American males. The class complaint alleges that because of race (African American), color (black, brown) and sex (male) they were not selected for promotions; and

not given opportunities to be promoted to mid - to senior level positions (GS-12 to GS-15) in violation of Title VII. The Plaintiff is listed as a class agent in the class complaint.

Defendant's Statement of the Case

Defendant denies the allegations that plaintiff was subjected to any form of discrimination, including race and sex. Defendant denies that the alleged incidents of discrimination and retaliation actually occurred. Defendant further asserts that all actions taken, to the extent that they occurred at all, were done for legitimate, nondiscriminatory reasons.

As regards the topics set out in Local Rule 16, the parties state as follows:

1. Status of Dispositive Motions: There are no pending motions. Defendant believes that this action may be resolved by dispositive motion following discovery. Plaintiff believes that the case will not be resolved on dispositive motion.

2. Amended Pleadings: The parties do not anticipate that it will be necessary to join third parties or amend the pleadings.

3. Assignment to Magistrate Judge: The parties have not consented to the assignment of this case to a Magistrate Judge at this time.

4. Settlement Possibility: The parties do not foreclose the possibility of settlement in this case, but prefer to postpone settlement discussions until after the resolution of any dispositive motion.

5. Alternative Dispute Procedures: The parties do not believe that Alternative Dispute Resolution would be beneficial at this time.

6. Dispositive Motions: The parties agree that any dispositive motion should be filed within 60 days of the close of discovery, that any opposition to that motion should be filed

within 45 days of the filing of the motion, and that any reply should be filed within 30 days of the filing of the opposition.

7.  Initial Disclosures: The parties agree that the Initial Disclosures required by the Federal Rules of Civil Procedure and the Local Rules of this Court should be exchanged **within 45 days after the Court issues the Initial Scheduling Order.**

8.  Discovery:  The parties submit that discovery should begin on **March 3, 2008** and end on **July 7, 2008.**  The parties agree to limit the number of depositions to 10 per side and interrogatories to 25 per side, pursuant to Fed. R. Civ. P. 33(a).  Due to sensitive personal and/or medical information that may be exchanged, the parties may seek a protective order.

9.  Experts:  The parties agree that the requirements of Fed. R. Civ. P. 26(a)(2) should not be modified.

10. Class Action Procedures:  Not applicable.

11. Bifurcation of Discovery or Trial:  Not appropriate for this case.

12. Proposed Date For The Pretrial Conference:  The parties take the position that a pretrial conference should be scheduled once the Court has resolved all dispositive motions.

13. Trial Date:  The parties are amenable to having a firm trial date set at the pre-trial conference.

14. Other Matters: There are no related cases pending before this Court.  Both parties are committed to working cooperatively with one another to stipulate to the entry of a protective order needed to guarantee the confidentiality, and to permit the discovery and disclosure of information covered by the Privacy Act, 5 U.S.C. § 552a, and other statutes affecting pricacy and confidentiality of parties and witnesses in litigation of this nature; and to take account of

scheduling conflicts and other issues that may arise during the course of this case that are not presently foreseen.

15.     <u>Discovery Of Electronically-Stored Data</u>

The following information is provided by defendant as to electronically-stored information in defendant's possession that may relate to plaintiff's claims that he was discriminated against on the basis of his race (African-American) and sex (male) and in retaliation for prior EEO activity, and subjected to a hostile work environment while he was assigned to the Bureau of Educational and Cultural Affairs, Office of the Executive Director, when (1) Management  (a) did not reassign to him complex large dollar grants, audits and special projects; (b) withheld clearance of his draft final determination letter resolving an OIG audit; (c) required the GS-13 Team Leaders to review only his grant files for errors and mistakes, (d) denied only him an "outstanding" performance rating for 2003; and (2) when he was not selected for a GS-13 Supervisor Administrative Officer position in the Bureau of Educational and Cultural Affairs Executive Office (ECA/EX) in February 2004, and when he was not selected for a GS-14 Financial Manager Supervisor position (Vacancy Announcement No 04-0492).

The Department of State uses the Microsoft Office suite of products, including MS Exchange, Outlook, and Word. Within the Department of State, most Bureaus and offices operate their own systems with their own information technology staff.  At the time of the Plaintiff's claims in this matter, he was employed in the Bureau of Educational and Cultural Affairs ("ECA").

<u>E-Mail</u>. E-mail is stored in the user's mailbox upon receipt. The user may then delete the e-mail, reply, forward, or print the e-mail.  Unless deleted, the e-mail is stored on the e-mail

server. In some cases (due to disk storage limits), users can move e-mail to a network drive. In very rare instances, the e-mail can be moved to the individual's hard drive, but this is discouraged (to facilitate system back-ups). User mailboxes (stored on the e-mail server or network drive) are converted to personal storage files (PSTs) and backed up nightly to to a server and these files are then backed up to tape. The back-up tapes for ECA are usually kept for approximately one year and then recycled/overwritten. No easy or automated mechanism exists to search or recover individual mailboxes stored on tapes over time. The current back-up system is designed to restore all E-mail for approximately 350 users in ECA as well as another Bureau (International Information Programs (IIP)) in the event of a system failure.

<u>Word Processing and Other Microsoft Office documents</u>. Users can store MS Office documents on network drives in a manner similar to e-mails. In some cases, users store Office documents on their hard drive. Local hard drives are not backed up. No easy or automated mechanism exists to search or recover individual files stored on tape over a time period. Back-ups are performed nightly for ECA in the same manner as for the emails. The current back-up system is designed to restore all files for approximately 8800 ECA and IIP users in the event of a system failure.

Defendant also has placed a freeze on Mail Server and File Server back up tapes (full monthly back up tapes from January 17, 2007, which includes the unclassified mail and file servers for Fannie Allen, Connie Stinson, Margaret Ahern, and Katherine Yemelyanov.

Employees believed to be involved with the matters about which Plaintiff complains are: Fannie Allen, Connie Stinson, Margaret Ahern, and Katherine Yemelyanov. All of these employees, and the Director of ECA/EX, have been informed of plaintiff's complaint and the

need to preserve all documents, both hard-copy and electronically-stored information, relevant to the case. Plaintiff submits that the following individuals are also involved with the matters about which he complains: Felicia Gibson, Daniel Hirsch and William Terrini. The electronically stored material that has been found related to plaintiff's claims to date is sufficiently small in computer terms to make its presentation to plaintiff in hard copy a realistic alternative to its production in its native format, should discovery be necessary in this matter.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| | |
| __/s/ with permission by KLM__ | __/s/__ |
| Donald S. Hunter, Sr. | Jeffrey A. Taylor |
| 3311 Valley Forest Drive | D.C. Bar No. 498610 |
| Upper Marlboro, MD 20772 | UNITED STATES ATTORNEY |
| Tel. (301) 967-0101 (H) | |
| | __/s/__ |
| Plaintiff | Rudolph Contreras |
| | D.C. Bar No. 434122 |
| | Assistant United States Attorney |
| | |
| | __/s/__ |
| | Karen L. Melnik |
| | D.C. Bar No. 466452 |
| | Assistant United States Attorney |
| | 555 Fourth Street, N.W., E-4112 |
| | Washington, D.C. 20530 |
| | Tel. (202) 307-0338 |
| | Fax (202) 514-8780 |
| | |
| | Attorneys for Defendants |