UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
AUG 26 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RECEIVED
AUG 2 0 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Donald S. Hunter, Sr.
3311 Valley Forest Drive
Upper Marlboro, MD 20772

Plaintiff,

v.                                      Civil Action No. 07-1268(PLF)

Condoleeza Rice, Secretary
United States Department of
State
2201 C Street, N.W.
Washington, D.C. 20520

Defendant.

*   *   *   *   *   *   *   *   *   *   *   *

Let this be dkt'd
off
8/26/08

## AMENDED COMPLAINT

Pursuant to Title VII of the Civil Rights Act of 1964 and 1991, 42 U.S.C. $$ 2000e, et seq., plaintiff Donald S. Hunter Sr., pro se, respectfully alleged that the defendant discriminated against him on the basis of his race (African-American) and sex (male) and/or retaliation for protected EEO activity **(civil actions 04-0857 PLF and 06-326 PLF)**, disparate treatment and hostile work environment. As pertinent to this case, the plaintiff alleged that the defendant discriminated by:

- On January 2, 2004, Ms. Joyce Love a GS-13 retired from BECA, Grants Division creating a vacant GS-13 position. Ms. Fannie Allen reassigned Ms. Love's work to the remaining Grants Specialists in the office. None of Ms. Love's complex large dollar grants, audits or special projects was reassigned to Plaintiff. Instead the GS-13's and Ms. Julie Johnson a GS-9 (white female) in the office received Ms. Love's GS-13 level work.

- On January 14, 2004, Plaintiff requested from Ms. Allen the status of his draft final determination letter resolving a complex OIG audit. The draft determination letter was given to Ms. Allen for clearance on December 15, 2003 after being reviewed by a GS-13. Plaintiff had not received from Ms. Allen the clearance needed to issue my final determination letter. Ms. Allen claimed that a GS-13 assisted the Plaintiff in resolving the audit.

- Ms. Allen's request that Team Leader's to reviewing Plaintiff completed grants files for errors and mistakes. Ms. Allen did not request the Team Leaders to review other co-workers completed grant files.

- The few errors and mistakes found were used by Ms. Allen to denied Plaintiff an Outstanding 2003 performance evaluation. Plaintiff 2003 performance appraisal prepared by Ms. Allen included negative and untrue statements. In 2003 Plaintiff was the only Grants Officers who did not receive an outstanding rating from Ms. Allen.

## Conclusion

For all of the reasons set forth in this complaint, the plaintiff urges the Court to proceed to determine that the defendant discriminated against the plaintiff on the basis of the combination of his race (African-American) and sex (male) and/or retaliation for protected EEO activity, disparate treatment and hostile work environment. These acts of discrimination include creating a hostile work environment.

WHEREFORE, the premises considered, the Plaintiff seeks a judgment against the defendant for a retroactive within grade with back-pay, his 2003 performance appraisal report overall rating changed to outstanding, court costs and attorney fees along with compensatory damages in the amount of THREE HUNDRED THOUSAND DOLLARS ($300,000).

Plaintiff Demand a Trial by Jury.

By _____
Donald S. Hunter, Sr.
3311 Valley Forest Drive
Upper Marlboro, MD 20772
Hm 301 967-0101
Wk 202 203-7119

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of August, 2008, a true and correct copy of the Amended Complaint was served upon the Defendant Counsel by electronic mail and first class United States mail, postage prepared, marked for delivery to:

Mercedeh Momeni
Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Washington, DC 20530
Email: Mercedeh.Momeni@usdoj.gov

Donald S. Hunter, Sr.
3311 Valley Forest Drive
Upper Marlboro, MD 20772
Hm 301 967-0101
Wk 703 875-4655